*389 OPINION.
Phillips:
One of the questions raised is the value on March 1, 1913, of certain lands then owned by the petitioner and sold in 1920, the profits being reported upon the installment sales basis. The testimony of several qualified witnesses supports the valuation placed upon these lands by the petitioner in preparing its tas return. We are of the opinion that the testimony of some of the witnesses to a greater value must be discounted as attributable to subsequent events.
The petitioner also claims the right to deduct $50,000 set up on its books in 1922 as the cost of acquiring certain water rights with which to fulfill its contract. We gather from the testimony that at the time this contract was made certain stockholders of the petitioner and others had organized a Wyoming corporation, purchased 160 acres of land and had acquired water rights in two small lakes. They hoped to be able to erect dams to store a much greater amount of water. They secured permission of the State of Wyoming and asked for a permit from the Federal Government, the lakes being in a national forest preserve. The petitioner was to purchase from the Wyoming Company the water rights necessary to fulfill its contract. It did not set up on its books any liability from it to the Wyoming Company. At the close of 1922 it appeared that the Wyoming Company would be unable to acquire all of the necessary rights and at that time the petitioner set up on its books a reserve for a liability to the Utah-Idaho Sugar Company. After 1922 that company accepted a conveyance from the Wyoming Company of its land and water rights in discharge of the obligation of the petitioner. The petitioner agreed to pay $50,000.
We see no basis on which the cost of these rights can be deducted in 1922. The taxpayer had never expected to acquire these without cost, but to purchase them from the Wyoming Company. It lost no property in 1922 when it appeared that the Wyoming Company would be unable to acquire the necessary rights. What happened was that petitioner contracted to sell property which it owned and some which it expected to acquire and delivered a deed for that which it owned. The consideration was to be paid in installments and it elected to *390 report the transaction on that basis. The price required to purchase that which the petitioner did not then own was no more or less than a part of the cost of the property sold. It should be so treated in computing the profit from the sale. Kentucky Land, Gas & Oil Co., 2 B. T. A. 838; Milton A. Machay, 11 B. T. A. 569.

Decision will be entered under Bule 50.